UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE TRAVELERS INDEMNITY COMPANY
OF AMERICA, and TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA,

    Petitioners,                                          Case No:

v.

JACKSONVILLE ORTHOPAEDIC
INSTITUTE, INC., CRISTINA BLANKENBILLER,
SOUTHERN BAPTIST HOSPITAL OF
FLORIDA, INC. d/b/a BAPTIST MEDICAL
CENTER SOUTH, LOGAN BRENNAN as
Personal Representative of the Estate of
CAROLYN BRENNAN, deceased,

    Respondents.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Petitioners, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers Indemnity"), and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers Property"), by and through their attorneys, and for their Complaint for Declaratory Judgment, state as follows:

**NATURE OF THE ACTION**

1. Travelers Indemnity and Travelers Property (collectively, the "Petitioners") bring this Declaratory Judgment Action seeking a ruling, under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, about their coverage obligations under certain insurance policies in the Underlying Lawsuit described below.

33042099-v1

**PARTIES, JURISDICTION AND VENUE**

2.     Petitioner, Travelers Indemnity, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

3.     Petitioner, Travelers Property, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4.     Respondent, Jacksonville Orthopaedic Institute, Inc. ("JOI"), is a Florida corporation with its principal place of business in Jacksonville, Florida.

5.     Respondent, Cristina Blankenbiller, is a citizen of the United States presently domiciled in Florida.

6.     Respondent, Southern Baptist Hospital of Florida, Inc. d/b/a Baptist Medical Center South ("Baptist Medical"), is a Florida corporation with its principal place of business in Jacksonville, Florida.

7.     Respondent, Logan Brennan, is a citizen of the United States presently domiciled in Florida.

8.     This Court has subject matter jurisdiction over this Declaratory Judgment Action pursuant to 28 U.S.C. §1332 because the controversy is between citizens of different states and the monetary value of the object of this action exceeds $75,000, exclusive of interest and costs.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in this Declaratory Judgment Action occurred in the Middle District of Florida.

10.    There is an actual controversy about the rights and obligations of Petitioners and Respondents, which entitles Petitioners to a declaratory judgment pursuant to 28 U.S.C. §2201.

## UNDERLYING LAWSUIT

### Background Allegations

11. On June 28, 2024, Logan Brennan filed the Underlying Lawsuit, which is pending in the Circuit Court for the 4th Judicial District in and for Duval County, Florida under Case No. 2024-CA-3629, Division CV-E. A copy of the Amended Complaint filed in the Underlying Lawsuit is attached as **Exhibit A** and referred to herein as the "Underlying Complaint."

12. The Underlying Complaint claims Carolyn Brennan was seen at the JOI office pre-operatively by Dr. Richard Snyder and his physician's assistant, Aleia Noland, before her March 21, 2023 surgery. (*See* Ex. A, pars. 19-20.)

13. The Underlying Complaint claims Carolyn Brennan underwent surgery on March 21, 2023 at Baptist Medical, a hospital. (*See* Ex A, pars. 19, 22.)

14. The Underlying Complaint claims Carolyn Brennan called JOI several times from March 21, 2023 to March 27, 2023 about post-operative pain. (*See* Ex A, pars. 23-24.)

15. The Underlying Complaint claims Cristina Blankenbiller, medical assistant to Dr. Snyder, received those calls "but did not timely and/or appropriately return or handle any of these phone calls" and, therefore, there was no post-surgical evaluation of Carolyn Brennan. (*See* Ex A, pars. 25-26.)

16. The Underlying Complaint claims Carolyn Brennan died from post-surgical complications on March 27, 2023. (*See* Ex A, pars. 27-28.)

17. The Underlying Complaint asserts negligence and/or vicarious liability counts claims against Dr. Snyder, Aleia Noland,[1] Cristina Blankenbiller, JOI, and Baptist Medical. (*See*

---

[1] On September 3, 2025, the Underlying Lawsuit was dismissed with prejudice as to Aleia Noland, and on September 18, 2025, the Underlying Lawsuit was dismissed with prejudice as to Dr. Snyder. Therefore,

Ex. A, Counts I-VII.)

18.     Petitioners seek a declaratory judgment on their coverage obligations as to Counts IV, V and VI only.[2]

### Count IV: Negligence Count Against Cristina Blankenbiller

19.     Count IV incorporates all background allegations. (*See* Ex A, Count IV, par. 45.)

20.     Count IV further claims Cristina Blankenbiller owed Carolyn Brennan a duty to provide simple office level, non-medical, staff services such as answering phones and returning messages in a timely and appropriate manner." (*See* Ex A, Count IV, par. 46.)

21.     Count IV further claims Cristina Blankenbiller breached that duty by:

   a. Failure to have a system in place for relaying information regarding post-operative calls and voicemails regarding complications from patients like Carolyn Brennan;

   b. Failure to follow office policies and procedures regarding returning phone calls and voicemails; and

   c. Failure to timely follow up on and respond to Carolyn Brennan's calls and voicemails regarding post-operative complications between surgery on 3/21/23 and her death on 3/27/23.

(*See* Ex A, Count IV, par. 47.)

22.     Count IV further claims the foregoing negligence caused Carolyn Brennan's death. (*See* Ex A, Count IV, par. 48.)

### Count V: Vicarious Liability Count Against JOI

23.     Count V incorporates all of Count IV. (*See* Ex A, Count V, par. 50.)

24.     Count V further claims JOI is vicariously liable for the negligence of Cristina

---

Dr. Snyder and Ms. Noland are not named as parties in this Declaratory Judgment Action.
[2]Upon information and belief, the vicarious liability count against JOI, based on negligence of Dr. Snyder and Aleia Noland, is resolved. Therefore, this Declaratory Judgment Action does not address that count.

Blankenbiller, its employee, as alleged in Count IV (*See* Ex A, Count V, pars. 51-52.)

### Count VI: Direct Negligence Count Against JOI

25. Count VI incorporates all background allegations. (*See* Ex A, Count V, pars. 55.)

26. Count VI further claims JOI owed Carolyn Brennan a duty to provide simple office level, non-medical, staff services such as answering phones and returning messages in a timely and appropriate manner." (*See* Ex A, Count VI, par. 56.)

27. Count VI further claims JOI breached that duty by:

   a. Failure to have a system in place for relaying information regarding post-operative calls and voicemails regarding complications from patients like Carolyn Brennan;

   b. Failure to follow office policies and procedures regarding returning phone calls and voicemails;

   c. Failure to appreciate and timely relay to a provider Carolyn Brennan's signs and symptoms of DVT provided during phone calls and messages left between 3/21/23 and 3/27/23; and

   d. Failure to timely and appropriately contact a provider regarding Carolyn Brennan's calls and voicemails regarding post-operative complications on 3/24/23.

(*See* Ex A, Count VI, par. 57.)

28. Count VI further claims the foregoing negligence caused Carolyn Brennan's death. (*See* Ex A, Count VI, par. 58.)

### COUNT I: DECLARATION AS TO COVERAGE UNDER CGL POLICY

29. Petitioners incorporate Paragraphs 1 – 28, above, as if fully set forth herein.

30. A certified copy of Travelers Indemnity Policy No. 680-602D7804-22-42, effective for the policy period July 1, 2022 through July 1, 2023 (the "CGL Policy"), is attached as **Exhibit B**.

31. The CGL Policy identifies the Named Insured as Jacksonville Orthopaedic Institute, Inc. (JOI). (*See* Ex. B, Declarations, Form IL TO 19 02 05.)

32. The CGL Policy defines "insured" to include the Named Insured (JOI) and its employees for "acts within the scope of their employment by" JOI. (*See* Ex. B, "Commercial General Liability Coverage Form, Form CG T1 00 02 19, page 11.)

33. The CGL Policy requires Travelers Indemnity to defend and indemnify an "insured" against certain lawsuits seeking damages for "bodily injury," defined as: "(a) Physical harm, including sickness or disease sustained by a person; and (b) Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease." (*See* Ex. B, Commercial General Liability Coverage Form, Form CG T1 00 02 19, pages 1, 17.)

34. The CGL Policy excludes coverage for: "'Bodily injury' … arising out of providing or failing to provide 'professional health care services,'" defined to include:

> **a.** Any medical, surgical, dental, laboratory, x-ray or nursing services, treatment, advice or instruction, or the related furnishing of food or beverages;
>
> **b.** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;
>
> * * *[3]
>
> **d.** Any health or therapeutic service, treatment, advice or instruction;
>
> * * *

(*See* Ex. B, Professional Services Exclusion – Services Furnished by Health Care Providers, Form CG D3 43 04 09.)

35. Travelers Indemnity is defending Cristina Blankenbiller and JOI against the three counts in the Underlying Complaint summarized in Paragraphs 20–28, above (the "Three Challenged Counts") subject to a reservation of rights that includes the right to deny

indemnification and the right to file a declaratory judgment action to determine the duty to defend and/or indemnify.

36. Travelers Indemnity seeks a declaratory judgment that it has no duty under the CGL Policy to defend and indemnify Cristina Blankenbiller and JOI against the Three Challenged Counts based on the "professional health care services" exclusion described in Paragraph 34, above.

37. There is an actual controversy about Travelers Indemnity's defense and indemnity obligations for the Three Challenged Counts that entitles Travelers Indemnity to a declaratory judgment pursuant to 28 U.SC. § 2201.

38. Rule 19 of the Federal Rules of Civil Procedure requires a person to be joined in an action if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

39. In the context of a dispute over insurance coverage, Rule 19 requires joinder of a claimant in an underlying lawsuit against an insured because that claimant's ability to recover against the insured could be directly impacted by the presence or absence of insurance coverage for the insured. *See Am. Safety Cas. Ins. Co. v. Condor Assocs.,* 129 F. App'x 540, 542 (11th Cir. 2005). To ensure that an insurance coverage dispute will be litigated only once, the underlying tort claimant must be joined in the insurer's declaratory action which seeks to determine coverage under the insured's policy. *See Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc.,* 2015 U.S. Dist. LEXIS 126780, 11-13 (M.D. Fla. Sept. 22, 2015). Tort claimants who

---

[3] *** denotes omitted text that is not relevant to this Declaratory Judgment Action.

have sued an insured are indispensable parties to an insurer's declaratory judgment action against that insured concerning coverage, because the outcome of the declaratory judgment action will directly impact the tort claimants' ability to recover damages from the insured. *See Northern Assur. Co. of Am. v. Auto-Owners Ins. Co.,* 2014 U.S. Dist. LEXIS 63670, 5-6 (S.D. Fla. May 8, 2014).

40. Based on the principles summarized in Paragraphs 38-39, above, Petitioners include, as Respondents, Cristina Blankenbiller and JOI, because these two parties have a direct interest in Travelers Indemnity's continued participation in the defense through trial, payment of a judgment, and/or possible settlement of the Three Challenged Counts.

41. Based on the principles summarized in Paragraphs 38-39, above, Petitioners also include, as a Respondent, Logan Brennan, the plaintiff in the Underlying Lawsuit, who has a direct interest in the question of whether the CGL Policy limits would be available to pay all or part of any judgment or settlement for the Three Challenged Counts.

42. Based on the principles summarized in Paragraphs 38-39, above, Petitioners include, as a Respondent, Baptist Medical, a defendant in the Underlying Lawsuit, who is not an "insured" under the CGL Policy but who may, nonetheless, have a direct interest in the question of whether the CGL Policy limits would be available to pay all or part of any judgment or a global settlement in the Underlying Lawsuit.

## COUNT II
## DECLARATION AS TO COVERAGE UNDER UMBRELLA POLICY

43. Petitioners incorporate Paragraphs 1 – 28, above, as if fully set forth herein.

44. A certified copy of Travelers Property Policy No. CUP-1968W895-22-42, effective for the policy period July 1, 2022 through July 1, 2023 (the "Umbrella Policy"), is

attached as **Exhibit C**.

45.  The Umbrella Policy identifies the Named Insured as Jacksonville Orthopaedic Institute, Inc. (JOI). (*See* Ex. C, Declarations, Form EU 00 02 09 20.)

46.  The Umbrella Policy defines "insured" to include the Named Insured (JOI) and any other person or entity defined as an "insured" in the CGL Policy. (*See* Ex. C, Excess Follow-Form and Umbrella Liability Insurance, Form EU 00 01 07 16, page 4.)

47.  The Umbrella Policy's Section I, Coverage A, requires Travelers Property to indemnify an "insured" against certain lawsuits for sums in excess of the CGL Policy limit, subject to the same terms, conditions, exclusions and limitations as the coverage provided in the CGL Policy, including but not limited to "professional health care services" exclusion described in Paragraph 34, above. (*See* Ex. C, Excess Follow-Form and Umbrella Liability Insurance, Form EU 00 01 07 16, page 1.)

48.  The Umbrella Policy's Section I, Coverage B, requires Travelers to indemnify an "insured" against certain lawsuits, for sums in excess of the "self-insured retention," when such lawsuits seek damages for "bodily injury," defined as: "(a) Physical harm, including sickness or disease sustained by a person; and (b) Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease." (*See* Ex. C, Excess Follow-Form and Umbrella Liability Insurance, Form EU 00 01 07 16, pages 2, 18.)

49.  The Umbrella Policy's Section I, Coverages A and B, both exclude coverage for: "'Bodily injury' … arising out of providing or failing to provide 'professional health care services,'" defined to include:

> **a.** Any medical, surgical, dental, laboratory, x-ray or nursing services, treatment, advice or instruction, or the related furnishing of food or beverages;

    **b.** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;

* * *

    **d.** Any health or therapeutic service, treatment, advice of instruction;

* * *

(*See* Ex. C, Professional Health Care Services Exclusion – Coverage B, Form EU 02 46 07 16.)

50. Travelers Property seeks a declaratory judgment that it has no duty under the Umbrella Policy's Section I, Coverage A, to indemnify Cristina Blankenbiller and JOI against the Three Challenged Counts based on the "professional health care services" exclusion in the CGL Policy described in Paragraph 34 above and incorporated in the Umbrella Policy, as described in Paragraph 47, above.

51. Travelers Property also seeks a declaratory judgment that it has no duty under the Umbrella Policy's Section I, Coverages A and B to indemnify Cristina Blankenbiller and JOI against the Three Challenged Counts based on the "professional health care services" exclusion in the Umbrella Policy described in Paragraph 49, above.

52. There is an actual controversy about Travelers Property's indemnity obligations for the Three Challenged Counts that entitles Travelers Indemnity to a declaratory judgment pursuant to 28 U.SC. § 2201.

53. Rule 19 of the Federal Rules of Civil Procedure requires a person to be joined in an action if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

54. In the context of a dispute over insurance coverage, Rule 19 requires joinder of a

claimant in an underlying lawsuit against an insured because that claimant's ability to recover against the insured could be directly impacted by the presence or absence of insurance coverage for the insured. *See Am. Safety Cas. Ins. Co. v. Condor Assocs.,* 129 F. App'x 540, 542 (11th Cir. 2005). To ensure that an insurance coverage dispute will be litigated only once, the underlying tort claimant must be joined in the insurer's declaratory action which seeks to determine coverage under the insured's policy. *See Houston Specialty Ins. Co. v. Titleworks of Southwest Fla., Inc.,* 2015 U.S. Dist. LEXIS 126780, 11-13 (M.D. Fla. Sept. 22, 2015). Tort claimants who have sued an insured are indispensable parties to an insurer's declaratory judgment action against that insured concerning coverage, because the outcome of the declaratory judgment action will directly impact the tort claimants' ability to recover damages from the insured. *See Northern Assur. Co. of Am. v. Auto-Owners Ins. Co.,* 2014 U.S. Dist. LEXIS 63670, 5-6 (S.D. Fla. May 8, 2014).

55. Based on the principles summarized in Paragraphs 53-54, above, Petitioners include, as Respondents, Cristina Blankenbiller and JOI, because these two parties have a direct interest in Travelers Property's payment of a judgment or/or possible settlement of the Three Challenged Counts.

56. Based on the principles summarized in Paragraphs 53-54, above, Petitioners also include, as a Respondent, Logan Brennan, the plaintiff in the Underlying Lawsuit, who has a direct interest in the question of whether the Umbrella Policy limits would be available to pay all or part of any judgment or settlement for the Three Challenged Counts.

57. Based on the principles summarized in Paragraphs 53-54, above, Petitioners include, as a Respondent, Baptist Medical, a defendant in the Underlying Lawsuit, who is not an "insured" under the Umbrella Policy but who may, nonetheless, have a direct interest in the

question of whether the Umbrella Policy limits would be available to pay all or part of any judgment or a global settlement in the Underlying Lawsuit.

### PRAYER FOR DECLARATORY RELIEF

58. Based on the foregoing allegations, Petitioners respectfully ask this Court to rule, as a matter of law, that:

    a. Travelers Indemnity has no duty under the CGL Policy to defend and indemnify Cristina Blankenbiller in connection with the claims alleged in Count IV of the Underlying Complaint, and the CGL Policy proceeds are not available to Cristina Blankenbiller for payment of damages sought from her in that Count IV.

    b. Travelers Indemnity has no duty under the CGL Policy to defend and indemnify JOI in connection with the claims alleged in Counts V and VI of the Underlying Complaint, and the CGL Policy proceeds are not available to JOI for payment of damages sought from JOI in those Counts V and VI.

    c. Travelers Property has no duty under the Umbrella Policy to indemnify Cristina Blankenbiller in connection with the claims alleged in Count IV of the Underlying Complaint, and the Umbrella Policy proceeds are not available to Cristina Blankenbiller for payment of damages sought from her in that Count IV.

    d. Travelers Property has no duty under the Umbrella Policy to indemnify JOI in connection with the claims alleged in Counts V and VI of the Underlying Complaint, and the Umbrella Policy proceeds are not available

to JOI for payment of damages sought from JOI in those Counts V and VI.

WHEREFORE, Petitioners, The Travelers Indemnity Company of America and Travelers Property Casualty Company of America, respectfully requests that this Honorable Court:

(A) Enter judgment declaring that Petitioners have no coverage obligations in connection with the Underlying Lawsuit; and

(B) Award to Petitioners any other relief that this Court deems just and proper.

Dated: September 29, 2025

Respectfully submitted,

**ROBINSON & COLE LLP**
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: 786-725-4120
Facsimile: 786-725-4121

By: */s/ Eugene P. Murphy*
Eugene P. Murphy
Florida Bar No. 638501
emurphy@rc.com
***Attorneys for Petitioners,***
*The Travelers Indemnity Company of America and Travelers Property Casualty Company of America*